E-FILED
Thursday, 28 October, 2021  04:21:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT L. PENNINGTON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No.: 21-cv-1309-JBM |
| | ) |
| MARK R. FLACK, ET AL., | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW

Plaintiff, proceeding *pro se*, files a complaint under § 1983, regarding a January 23, 2018 vehicular stop and arrest by Illinois State Police Officers. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations", it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

Plaintiff had previously filed in the Southern District of Illinois in *Pennington v. Lillard*, No. 19-00228 (S.D. Ill. Feb. 19, 2019). There, he alleged that on January 23, 2018, Defendant Officers Flack and Lillard subjected him to an unconstitutional stop in Effingham County in the Federal Southern District of Illinois. In the case before this Court, Plaintiff reasserts the claims as to Defendants Flack and Lillard, adding that they called ahead to Defendant Officers Rhinehart

and Dorsey to effect Plaintiff's arrest in Douglas County, Illinois in the Central District of Illinois. Plaintiff alleges that through these actions on January 23, 2018, the four Defendants conspired to violate his Fourth and Fourteenth Amendment rights.

There is an issue as to whether Plaintiff's allegations here are redundant to those in the Southern District case and whether venue in the Central District is proper. In addition, Plaintiff's actions in dividing his claims into two separate lawsuits might well be in violation of the Illinois rule against claims splitting. *Green v. Northwest Community Hospital*, 401 Ill. App. 3d 152 (1st Dist. 2010) (a plaintiff cannot assert only part of a claim in one action and sue for the remainder in another). *See also*, *Quintas v. Asset Management Group, Inc.,* 395 Ill.App.3d 324, 329, 917 N.E.2d 100, 104 (1st Dist. 2009) (a party cannot limit the recoveries pled in the first action to preserve the right to bring a later action if the first one fails.)

The Court need not consider these issues, however, as Plaintiff's complaint was clearly filed outside the applicable statute of limitations. *See Draper v. Martin,* 664 F.3d 1110, 1113 (7th Cir. 2011) ("[i]n Illinois, the statute of limitations period for § 1983 claims is two years, 735 ILCS 5/13-201"). Plaintiff was required to file his complaint within two years but did not file until October 27, 2021, more than three and one-half years after the events. While the statute of limitations is an affirmative defense generally to be raised by the opposing party, a court may *sua sponte* dismiss if plaintiff has pled himself out of court by, "plead[ing] facts that show his suit is time-barred or otherwise without merit...") *Bray v. Gary Police Dept. Chief*, No. 10-229, 2010 WL 2674531 (N.D. Ind. June 28, 2010).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's complaint is dismissed with prejudice, for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile as the claims asserted here are barred under the Illinois statute of limitations.

2) Plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee regardless of the outcome of the appeal.

10/28/2021                                  s/Joe Billy McDade
ENTERED                                     JOE BILLY McDADE
                                            UNITED STATES DISTRICT JUDGE